LOCAL 357, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Petitioner

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 14794.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 16, 1959.

Decided Feb. 18, 1960.

Mr. Bernard Dunau, Washington, D. C., with whom Messrs. Herbert S. Thatcher, Washington, D. C. and David Previant, Milwaukee, Wis., were on the brief, for petitioner.

Miss Rosanna A. Blake, Attorney, National Labor Relations Board, with whom Messrs. Jerome D. Fenton, General Counsel, National Labor Relations Board at the time the brief was filed, Thomas J. McDermott, Associate General Counsel, National Labor Relations Board, and Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, and Miss Betty Jane Southard, Attorney, National Labor Relations Board, were on the brief, for respondent.

Before EDGERTON, WILBUR K. MILLER and DANAHER, Circuit Judges.

## PER CURIAM.

Local 357 of the Teamsters union asks us to review and set aside, and the National Labor Relations Board asks us to enforce, an order of the latter which held an exclusive hiring hall agreement constitutes discrimination which encourages union membership within the meaning of Sections 8(a) (3) and (1) and 8(b) (2) and (1) (A) of the National Labor Relations Act as amended, 61 Stat. 136, 65 Stat. 601, 29 U.S.C.A. § 158. The order directed the respondent em-

ployer, Los Angeles-Seattle Motor Express, and the union to cease and desist from performing, maintaining or otherwise giving effect to the condemned hiring hall agreement and to take certain affirmative action which the Board found would effectuate the purposes of the Act.

Among the affirmative acts which the order required of the union and employer jointly was to make whole one Lester H. Slater for any loss he may have suffered from the discrimination which the Board held had been practiced against him under the hiring hall agreement; and to reimburse all casual employees for the initiation fees and dues which, the Board said, had been "exacted from them as the price of their employment."

We think the Board's order is correct except that it goes too far in directing reimbursement of the dues and fees paid to the union by all casual employees. National Labor Relations Board v. American Dredging Co., 3 Cir., 1960, 276 F.2d 286.[1] The order should be modified to confine the reimbursement feature to Slater alone. As so modified, the Board's order will be enforced.

It is so ordered.

EDGERTON, Circuit Judge (dissenting).

The Board rightly says "The basic issue in this case is the propriety of the Board's finding that the Union's exclusive hiring hall agreement violated the Act on its face." I think this finding is wrong and the order should be set aside.

The court appears to hold that an exclusive hiring-hall agreement is necessarily unlawful. My impression is that "The hiring hall is legal and has always been held so." N. L. R. B. v. Mountain Pacific Chapter of Associated General Contractors, Inc., 9 Cir., 1959, 270 F.2d 425, 429. An "agreement that hiring of employees be done only through a particular union's offices does not violate the

[1] We have considered the opinion of the Seventh Circuit in National Labor Relations Board v. Local 60, 1960, 273 F.2d 699, but are constrained to the view that the Third Circuit opinion more aptly applies to the problem presented on the record before us.

Act 'absent evidence that the union unlawfully discriminated in supplying the company with personnel.' 95 N.L.R.B. at 435." N. L. R. B. v. Swinerton, 9 Cir., 202 F.2d 511, 514, certiorari denied 346 U.S. 814, 74 S.Ct. 24, 98 L.Ed. 341. "'The factor in a hiring-hall arrangement which makes the device an unfair labor practice is the agreement to hire *only* union members referred to the employer.' Del E. Webb Construction Co. v. N. L. R. B., 8 Cir., 1952, 196 F.2d 841, 845." Eichleay Corp. v. N. L. R. B., 3 Cir., 1953, 206 F.2d 799, 803. The present hiring-hall arrangement expressly negatives any such agreement, by requiring employment to be "only on a seniority basis" irrespective of whether the "employee is or is not a member of the Union." Without violating this agreement, the employer cannot discriminate "in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership" in the union, in violation of § 8(a) (3) of the Labor Management Relations Act,[1] and the union cannot "cause or attempt to cause an employer to discriminate against an employee in violation of" that section.[2]

The agreement does not contain the language the Board required in the Mountain Pacific case, 119 N.L.R.B. 883, 897, but this does not make it unlawful. N. L. R. B. v. Mountain Pacific Chapter of Associated General Contractors, Inc., 9 Cir., 270 F.2d 425, 431. "Within the area in which collective bargaining was required, Congress was not concerned with the substantive terms upon which the parties agreed." Local 24 of Intern. Brotherhood of Teamsters, etc. v. Oliver, 358 U.S. 283, 295, 79 S.Ct. 297, 3 L.Ed. 2d 312. The possibility that the arrangement may at some future time lead to unlawful discrimination does not invalidate it. Shuttlesworth v. Birmingham Board of Education, 358 U.S. 101, 79 S.Ct. 221, 3 L.Ed.2d 145, affirming D.C., 162 F.Supp. 372, 384.

The court upholds the Board's finding that the discharge of employee Slater resulted from the hiring provisions of the contract and was discriminatory. Slater had not obtained or sought employment through the hiring hall. I think his discharge for this reason did not discriminate against him or violate the Act. To interpret the Act as "furnishing statutory protection to employees who choose to violate valid provisions of labor-management contracts" would not be "consistent with the underlying purpose of the Act to promote * * * collective bargaining agreements * * *." N. L. R. B. v. Furriers Joint Council, 2 Cir., 224 F.2d 78, 80. Slater was a member of the Union in good standing. I cannot see that his discharge for failing to comply with an agreement between the Union and the employer encourages union membership.

---

1. 61 Stat. 140 (1947), as amended, 29 U.S. C.A. § 158(a) (3) (1958).

