288 F.2d 132
 109 U.S.App.D.C. 348
 BORDAS & COMPANY et al., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
UNION DE TRABAJADORES DE MUELLES Y RAMAS ANEXAS DE PUERTO
RICO, LOCAL 1900, IBL-AFL-CIO, et al., Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 15524, 15589.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 7, 1960.
Decided Jan. 19, 1961.
 
 Mr. A. V. Cherbonnier, New York City, for petitioners in No. 15524.
 Mr. Milton Horowitz, of the bar of the Court of Appeals of New York, New York City, pro hac vice, by special leave of court, with whom Mr. Seymour W. Miller, New York City, was on the brief, for petitioners in No. 15589.
 Mr. William J. Avrutis, Atty., N.L.R.B., of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Messrs. Stuart Rothman, Gen. Counsel, N.L.R.B., Dominick Manoli, Associate Gen. Counsel, N.L.R.B., and Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., were on the brief, for respondent. Mr. Morton Namrow, Atty., N.L.R.B., also entered an appearance for respondent.
 Before FAHY, WASHINGTON and DANAHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Insofar as the decision and order of the Board are based upon its findings that a closed shop was entered into between the petitioner Association and petitioner companies and the petitioner unions, found to have been entered into on or about September 8, 1958, the dedision of this court is reserved pending disposition by the Supreme Court of the United States of the cases of Local 357, International Brotherhood of Teamsters, etc. v. N.L.R.B., 107 U.S.App.D.C. 188, 275 F.2d 646, certiorari granted 363 U.S. 837, 80 S.Ct. 1610, 4 L.Ed.2d 1723, and N.L.R.B. v. Local 60, United Brotherhood of Carpenters, 7 Cir., 1960, 273 F.2d 699, certiorari granted 363 U.S. 837, 80 S.Ct. 1610, 4 L.Ed.2d 1723, or until the further order of this court. Jurisdiction of this aspect of the case is retained.
 
 
 2
 Insofar as the decision and order of the Board find that the petitioner Association and petitioner companies violated section 8(a)(1) and (3), 29 U.S.C.A. 158(a)(1, 3), and that petitioner unions violated section 8(b)(1)(A) and section 8(b)(2) of the Act, by causing Nicolas Santos Santos to be deprived of work opportunities commencing in October 1957, and that the petitioner unions also engaged in an independent violation of section 8(b)(1)(A) by coercive statements to Santos, the decision and order of the Board are affirmed.
 
 
 3
 Insofar as the decision and order of the Board, except to the extent that they are affected by findings that a closed shop existed as aforesaid, rest upon findings that the petitioner Association and petitioner companies violated section 8(a)(3) of the Act in discriminating with respect to the employment of Jose Ramos Mendez, and that the petitioner unions violated section 8(b)(2) of the Act in respect of said Jose Ramos Mendez, the question of the unlawful closed shop hiring practices being reserved, the decision and order of the Board are affirmed.
 
 
 4
 The Board is requsted to submit a form of order to carry out this decision, including such modifications as to relief and remedy as are required by the reservation of the closed shop issue. If so advised, respondents may within fifteen days thereafter submit their views with respect to the order.
 
 
 5
 It is so ordered.